| | |
|---|---|
| HARDIE'S FRUIT AND VEGETABLE COMPANY-HOUSTON, LP<br>3137 Produce Road<br>Houston, Texas 77023<br>and<br>OLE TYME PRODUCE, INC.<br>3840 Millstone Way<br>Saint Charles, Missouri 63301<br>and<br>STERN PRODUCE COMPANY<br>3200 S. 7th Street<br>Phoenix, Arizona 85040<br><br>  v.<br><br>BLACK TITAN FRANCHISE SYSTEMS LLC<br>301 McCullough Drive, Suite 520<br>Charlotte, North Carolina 28262<br>and<br>BLACK TITAN HOLDINGS, L.L.C.<br>301 McCullough Drive, Suite 520<br>Charlotte, North Carolina 28262<br>and<br>BLACK TITAN HOLDINGS AZ, L.L.C.<br>301 McCullough Drive, Suite 520<br>Charlotte, North Carolina 28262<br>and<br>BLACK TITAN HOLDINGS MO, L.L.C.<br>301 McCullough Drive, Suite 520<br>Charlotte, North Carolina 28262<br>and<br>BLACK TITAN HOLDINGS TX, L.L.C.<br>301 McCullough Drive, Suite 520<br>Charlotte, North Carolina 28262<br>and<br>NICHOLAS MANDRELL PERKINS<br>1999 Capes Cove Drive<br>Sherrills Ford, NC 28673<br>and<br>BARRY KEITH MCCAULEY, JR.<br>5852 Redwood Pine Road R<br>Concord, NC 28027 | **Case No.**___ |

**COMPLAINT**

**(To Enforce Payment From Produce Trust)**

Plaintiffs, Hardie's Fruit and Vegetable Company-Houston, LP ("Hardies"), Ole Tyme Produce, Inc. ("Ole Tyme") and Stern Produce Company ("Stern") (Hardie's, Ole Tyme, and Stern are collectively the "Plaintiffs"), for their complaint against Defendants Black Titan Franchise Systems, LLC ("BTFS"), Black Titan Holdings, LLC ("BTH"), Black Titan Holdings AZ, LLC ("BTH-AZ"), Black Titan Holdings MO LLC ("BTH-MO"), and Black Titan Holdings TX, LLC ("BTH-TX"), (BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX are collectively, "Black Titan"), Nicolas M. Perkins ("Perkins"), and Barry McCauley, Jr. ("McCauley"), allege:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they transact business in this district and/or caused a tortious injury in this state by failing to preserve and pay over trust assets belonging to Plaintiffs.

2. Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3.  a.  Plaintiff, Hardie's, is a Texas limited partnership with its principal place of business in Houston, Texas, engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA.

b. Plaintiff, Ole Tyme, is a Missouri corporation with its principal place of business in Saint Charles, Missouri, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA.

c. Plaintiff, Stern, is an Arizona corporation with its principal place of business in Phoenix, Arizona, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA.

4. a. Defendant BTFS is a North Carolina company operating Fuddruckers restaurants across the United States and, upon information and belief, was at all times pertinent herein a dealer of wholesale and jobbing quantities of produce subject to licensure under the provisions of the PACA.

b. Defendant BTH is a North Carolina company operating Fuddruckers restaurants in Arizona, Kansas, Missouri, Texas, and Virginia, and upon information and belief, was at all times pertinent herein a dealer of wholesale and jobbing quantities of produce subject to licensure under the provisions of the PACA.

c. Defendant BTH-AZ is a North Carolina company involved with the operation of Fuddruckers restaurants.

d. Defendant BTH-MO is a North Carolina company involved with the operation of Fuddruckers restaurants.

e. Defendant BTH-TX is a North Carolina company involved with the operation of Fuddruckers restaurants.

f. Defendant Perkins is and was an owner, officer and/or director of BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX, and is and was in a position of control over the PACA trust assets belonging to Plaintiffs at all relevant times hereto.

g. Defendant McCauley, is and was an owner, officer and/or director of BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX, and is and was in a position of control over the PACA trust assets belonging to Plaintiffs at all relevant times hereto.

GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provision of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c) as well as the prompt payment provision of 7 U.S.C. § 499b(4).

6. Between November 11, 2021, and July 1, 2022, Plaintiffs sold to Black Titan, in interstate commerce, wholesale quantities of perishable agricultural commodities ("produce") and other items, worth the aggregate principal amount of $118,642.04.

7. On or about August 31, 2022, Black Titan entered a "Post-Default Payment Agreement" (the "Agreement") through which Defendants, jointly and severally, agreed to pay the entire past due balance due in weekly installments.

8. Defendants paid a total of $55,600.00 under the Agreement but defaulted multiple times and failed to cure those defaults.

9. On November 11, 2022, Stern sold and delivered to Black Titan wholesale quantities of produce worth the total amount of $383.60 for which it has not been paid.

10. After applying the $55,600.00 in payments, the aggregate total amount of $63,042.04, which includes the aggregate amount of $4,182.66 owed for non-produce items and the aggregate amount of $59,242.97 owed for produce items, remains due and owing as follows:

| Plaintiffs | Dates of Sale | Amount Owed for Produce | Amount Owed for Non-Produce | Amount Due |
|---|---|---|---|---|
| Hardie's | March 11, 2022 – July 1, 2022 | $47,309.60 | $3,196.65 | $50,606.25 |
| Ole Tyme | March 25, 2022 – June 1, 2022 | $2,085.40 | $122.63 | $2,208.03 |
| Stern | April 14, 2022 – November 11, 2022 | $9,847.97 | $863.38 | $10,327.75 |
| **TOTAL** | | **$59,242.97** | **$4,182.66** | **$63,425.64** |

11. Black Titan accepted the produce (the "Accepted Produce") but has failed to pay for it despite repeated demands.

12. At the time of receipt of the produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers.

13. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

14. Plaintiffs issued invoices to Black Titan that contain the following statutory language required to preserve their trust rights under 7 U.S.C. § 499e(c)(4):

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

15. Plaintiffs preserved their interest in the PACA trust in the aggregate principal amount of $59,242.97.

16. Plaintiffs remain beneficiaries of the PACA Trust until full payment is made for the produce.

17. Defendants have violated their statutory, regulatory and contractual duties to: (a) preserve and turnover the PACA Trust assets belonging to Plaintiffs by dissipating those assets and (b) pay Plaintiffs promptly for the produce.

## COUNT ONE
(PACA – Failure to Pay Trust Funds – All Defendants)

18. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Defendants' continuing failure and refusal to pay Plaintiffs the PACA Trust funds belonging to Plaintiffs in the aggregate principal amount of $59,242.97 violates PACA and PACA regulations.

20. As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiffs have suffered, and are continuing to suffer, damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, enforcing payment from the PACA Trust by ordering Defendants to pay Plaintiffs the aggregate principal amount of $59,242.97 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT TWO
(PACA – Failure to Pay Promptly – Black Titan – All Defendants)

21. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Defendants' continuing failure and refusal to pay Plaintiffs promptly for the Accepted Produce in the aggregate principal amount of $59,242.97 violates PACA and PACA regulations.

23. As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiffs have suffered, and are continuing to suffer, damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally,, enforcing PACA's prompt payment requirements by ordering Defendants to pay Plaintiffs the aggregate principal amount of $59,242.97 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
(Breach of Contract – Failure to Pay for Goods Sold – Black Titan)

24. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Black Titan received Plaintiffs' invoices without objection on or about the dates indicated on the face of the invoices.

26. Plaintiffs' invoices to Defendants constitute valid and enforceable agreements between the parties.

27. Black Titan breached the terms of the invoices by failing to timely remit payment for the goods they received from Plaintiffs.

28. Plaintiffs have performed all of the duties, obligations, and conditions precedent on their part to be performed under the invoices.

29. Black Titan's continuing failure and refusal to pay Plaintiffs the aggregate principal amount of $63,425.65 due and owing for the goods constitutes a material breach of the contracts with Plaintiffs.

30. As a direct and proximate result of Black Titan's continuing material breaches of contracts, Plaintiffs have suffered, and are continuing to suffer, damages.

WHEREFORE, Plaintiffs demand judgment against Black Titan for damages in the aggregate principal amount of $63,425.64 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
(Unlawful Dissipation of Trust Assets by a Corporate Official – Perkins)

31. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, Defendant Perkins was an officer, director, and/or shareholder who operated Black Titan and occupied a position of control over the PACA Trust assets belonging to Plaintiffs.

33. Defendant Perkins failed to direct Black Titan to fulfill, and caused Black Titan to violate, its statutory duties to preserve PACA trust assets and to pay Plaintiffs promptly for the Accepted Produce.

34. Defendant Perkins unlawfully dissipated the PACA Trust assets belonging to Plaintiffs.

35. As a direct and proximate result of Defendant Perkins's unlawful dissipation of PACA Trust assets belonging to Plaintiffs, Plaintiffs have suffered, and are continuing to suffer, damages.

WHEREFORE, Plaintiffs demand judgment against Defendant Perkins for damages in the aggregate principal amount of $59,242.97 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FIVE
(Unlawful Dissipation of Trust Assets by a Corporate Official – McCauley)

36. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all relevant times, Defendant McCauley was an officer, director, and/or shareholder who operated Black Titan and occupied a position of control over the PACA Trust assets belonging to Plaintiffs.

38. Defendant McCauley failed to direct Black Titan to fulfill, and caused Black Titan to violate, its statutory duties to preserve PACA trust assets and to pay Plaintiffs promptly for the Accepted Produce.

39. Defendant McCauley unlawfully dissipated the PACA Trust assets belonging to Plaintiffs.

40. As a direct and proximate result of Defendant McCauley's unlawful dissipation of PACA Trust assets belonging to Plaintiffs, Plaintiffs have suffered, and are continuing to suffer, damages.

WHEREFORE, Plaintiffs demand judgment against Defendant McCauley for damages in the aggregate principal amount of $59,242.97 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SIX
(Reformation/Scrivener's Error – Post Default Payment Agreement – All Defendants)

41. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 to 40 above as if fully set forth herein.

42. Plaintiffs and Defendants entered into the Agreement whereby Defendants agreed, jointly and severally, to pay the full principal past due amount to Plaintiffs, plus accrued interest and attorneys' fees.

43. Inadvertently and contrary to the clear intent of the Parties, a scrivener's error resulted from mutual mistake. The Agreement names Hardie's Fruit and Vegetable **Company, LP** ("Hardie's LP") (emphasis added), rather than Plaintiff Hardie's Fruit and Vegetable **Company-Houston, LP** (emphasis added), which was the actual seller of the produce.

44. Based on the error, the Agreement does not accurately reflect the intentions of the Parties.

45. The Parties intended that the actual seller of the produce, Plaintiff Hardie's, be a party to the Agreement.

46. Hardie's LP and Plaintiff Hardie's are separate legal entities but share a common management team.

47. The signatory to the Agreement, Jason Pounds, is the Chief Financial Officer of both Plaintiff Hardie's and Hardie's LP.

48. Equity requires that the Court reform the name of the party to the Agreement from Hardie's Fruit and Vegetable Company, LP to Hardie's Fruit and Vegetable Company-Houston, LP to reflect the Parties' intent.

49. The reformation sought will not prejudice the Parties to this action or the Agreement.

WHEREFORE, Plaintiffs respectfully request that the Court reform the legal description in the Agreement to correct the scrivener's error and to reflect the true intent of the Parties that Plaintiff Hardie's, rather than Hardie's LP, is the true party to the Agreement, and any other relief deemed just and owing.

COUNT SEVEN
(Breach of Contract – Post Default Payment Agreement – All Defendants)

50. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 to 49 above as if fully set forth herein.

51. Plaintiffs and Defendants entered into the Agreement whereby Defendants agreed, jointly and severally, to pay the full principal past due amount to Plaintiffs, plus accrued interest and attorneys' fees.

52. The Agreement constitutes a valid and enforceable agreement between the parties.

53. Defendants paid $55,600.00 but ceased making payments and defaulted in their obligations under the Agreement.

54. Defendants breached the terms of the Agreement by failing to timely remit payment in accordance with the terms of the Agreement.

55. Defendants have been put on notice of their defaults under the terms of the Agreement but have failed to cure their defaults.

56. Plaintiffs have performed all of the duties, obligations, and conditions precedent on its part to be performed under the Agreement.

57. As a direct and proximate result of the breach of the Agreement by the Defendants, Plaintiffs have suffered damages in the aggregate amount of $63,042.04 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, the aggregate amount of $63,042.04 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT EIGHT
(Unlawful Retention of Trust Assets – BTH-AZ, BTH-MO, BTH-TX, BTH)

58. Plaintiffs repeat and reassert each and every allegation set forth in paragraphs 1 to 57 above as if fully set forth herein.

59. BTH-AZ, BTH-MO, BTH-TX, and BTH are affiliated entities of BTFS.

60. BTH-AZ, BTH-MO, and BTH-TX have each issued payments to Plaintiffs for produce sold to and delivered to Black Titan.

61. Defendants Perkins and McCauley are, upon information and belief, the owners, officers, and directors of BTH-AZ, BTH-MO, BTH-TX, and BTH.

62. Upon information and belief, Defendants transferred PACA trust assets derived from the sale of Plaintiffs' assets to and among BTH-AZ, BTH-MO, BTH-TX, BTH, and BTFS in breach of the trust.

63. Upon information and belief, BTH-AZ, BTH-MO, BTH-TX, and BTH wrongfully received and continue to wrongfully hold PACA trust assets that are due and belong to Plaintiffs under the PACA trust.

WHEREFORE, Plaintiffs requests an order directing Defendants BTH-AZ, BTH-MO, BTH-TX, and BTH to disgorge and pay over the PACA trust assets to Plaintiffs.

## COUNT NINE
(Declaratory Judgment - Alter Ego)

64. Plaintiffs repeat and reassert each and every allegation set forth in paragraphs 1 to 63 above as if fully set forth herein.

65. BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX share the same principal place of business.

66. Upon information and belief, BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX share at least some of the same officers and directors.

67. BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX operate Fuddruckers restaurant.

68. BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX are in the same business.

69. BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX have some of the same suppliers.

70. Upon information and belief, the officers, directors and/or shareholders of the BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

71. Some or all of BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX have grossly inadequate capital.

72. Upon information and belief, BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX commingle corporate funds.

73. Upon information and belief, BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX have failed to maintain the corporate formalities.

74. BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX have abused the corporate form to deprive Plaintiffs of the PACA trust funds to which they are entitled.

WHEREFORE, Plaintiffs request entry of a judgment declaring that BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX are *alter egos* of one another, entitling Plaintiffs to recover the PACA debt, jointly and severally, from any of them.

## COUNT TEN
(Interest and Attorneys' Fees)

75. Plaintiffs repeat and reassert each and every allegation contained in paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. PACA and the agreements between Plaintiffs and Black Titan entitle Plaintiffs to recover interest at the rate of 18% per annum and attorneys' fees and costs in the event that Defendants violate their obligations under PACA and the Invoices by failing to pay Plaintiffs for the Accepted Produce.

77. As a direct and proximate result of Defendants' continuing failure and refusal to pay Plaintiffs the aggregate principal amount of $63,425.64 due and owing, Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs which, together with interest at the rate of 18% per annum, Plaintiffs are entitled to recover from Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for damages in the aggregate principal amount of $63,425.64 plus interest at the rate of 18% per annum, costs, attorneys' fees, and any other relief deemed just and owing.

This the 9th of January, 2023.

CARRUTHERS & ROTH, P.A.

/s/ Rachel Scott Decker
Rachel Scott Decker (NC Bar No.: 22020)
rsd@crlaw.com
J. Patrick Haywood (NC Bar No.: 27881)
jph@crlaw.com
Trisha L. Barfield (NC Bar No.: 52990)
tlb@crlaw.com
235 N. Edgeworth Street (27401)
Post Office Box 540
Greensboro, North Carolina 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
*Attorneys for Plaintiffs*