UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-cv-00013-FDW-DCK

| | |
|---|---|
| HARDIE'S FRUIT AND VEGETABLE COMPANY-HOUSTON, LP, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BLACK TITAN FRANCHISE SYSTEMS LLC, *et al.*, <br><br> Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, filed on January 9, 2023, by Plaintiffs Hardie's Fruit and Vegetable Company-Houston, LP ("Hardies"), Ole Tyme Produce, Inc. ("Ole Tyme") and Stern Produce Company ("Stern") (Hardie's, Ole Tyme, and Stern are collectively the "**Plaintiffs**"). (Doc. No. 3).

Plaintiffs seek an Order enjoining Defendants Black Titan Franchise Systems, LLC ("**BTFS**"), Black Titan Holdings, LLC ("**BTH**"), Black Titan Holdings AZ, LLC ("**BTH-AZ**"), Black Titan Holdings MO LLC ("**BTH-MO**"), and Black Titan Holdings TX, LLC ("**BTH-TX**"), (BTFS, BTH, BTH-AZ, BTH-MO, and BTH-TX are collectively, "**Black Titan**"), Nicolas M. Perkins ("**Perkins**") and Barry McCauley, Jr. ("**McCauley**") (Black Titan, Perkins, and McCauley are collectively the "**Defendants**"), their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend or dissipate funds or other assets in their possession that are subject to the statutory trust established by the Perishable Agricultural Commodities Act, 7 U.S.C.

1

§ 499a, *et seq*. ("PACA"), and directing and requiring Defendants to account for the assets and liabilities of Black Titan and its affiliated entities.

The court has subject matter jurisdiction over this action. 7 U.S.C. § 499e(c)(5).

The standard for granting injunctive relief in the Fourth Circuit requires the party seeking a preliminary injunction to establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Council, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); see also Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) rev'd on other grounds, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010); WV Ass'n of Club Owners & Fraternal Servs. v. Musgrave, 553 F.3d 292 (4th Cir. W. Va. 2009).

Upon consideration of the record, including the Declarations of Plaintiffs' representatives and counsel, and the hearing held on January 19, 2023, the Court makes the following findings of fact and conclusions of law.

1. Plaintiffs are trust creditors of Defendants under Section 5(c) of the Perishable Agricultural Commodities Act ("**PACA**"), 7 U.S.C. § 499e(c), having sold and delivered to Black Titan $59,242.97 worth of wholesale quantities of produce, which Black Titan accepted and for which Plaintiffs have not been paid as required by the PACA. (See Doc. No. 1, p. 4–5).

2. Plaintiffs preserved their interest in the PACA trust by including the language required by 7 U.S.C. § 499e(c)(4) on their invoices. (See Doc. No. 1-6).

3. Defendants have dissipated and/or are dissipating PACA trust assets in that Defendants

repeatedly promised, yet failed, to pay the full amount due to Plaintiffs despite repeated demands, and despite signing a Post-Default Payment Agreement, (Doc. No. 1-5), in which Defendants acknowledged the debt due and the application of the PACA and committed to regular payments. In addition, according to the Supplemental Declaration of Plaintiffs' Counsel, Blake A. Surbey, Defendant McCauley told Mr. Surbey on January 17, 2023, that Defendants did not have the funds available to pay the debt in full. (See Doc. No. 20, p. 2). See also In re Kornblum & Co., Inc., 81 F.3d 280 (2nd Cir. 1996); Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc., 986 F.2d 1010 (6th Cir. 1993). As a result, it appears that the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000). Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. Taminura & Antle, Inc., 222 F.3d 132.

Based on the factual showings made by Plaintiffs, (a) Plaintiffs are likely to succeed on the merits of their claim; (b) Plaintiffs are likely to suffer irreparable harm if injunctive relief is not granted because it appears that Defendants have dissipated and/or are dissipating PACA trust assets; (c) the balance of equities favors Plaintiffs, whose funds may be dissipated, whereas there would appear to be little harm to Defendants if the injunctive relief is granted, since Defendants are only ordered to do that which they are required to do under the statute (i.e., maintain the trust assets as required by the statute and pay the undisputed debt or, failing that, turn over documents as hereinafter set forth); and (4) the public interest would be furthered by the granting of injunctive

3

relief, as PACA states that its trust provisions were promulgated to benefit the public interest that suffers due to non-payment for produce.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Preliminary Injunction, (Doc. No. 3), is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs shall post a bond in the amount of $15,000.00.[1] The Preliminary Injunction herein shall become effective upon Plaintiffs' posting of the $15,000.00 bond amount.

**IT IS FURTHER ORDERED** that, sufficient reason having been shown, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions, are enjoined and restrained from alienating, dissipating, paying over or assigning any assets of Black Titan, or its subsidiaries or related companies, except for payment to counsel for Plaintiffs, until further Order of this Court or until the expiration or dissolution of this Preliminary Injunction.

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall be dissolved upon Defendants' payment to Plaintiffs, by bank check or wire transfer, in the aggregate principal amount of $59,242.97.

---

[1] In determining the amount of the bond, the Fourth Circuit has explained that the Court "should be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction," and as such, the bond amount "ordinarily depends on the gravity of the potential harm to the enjoined party." Hoechst Diafol Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 n.3. The Court finds that $15,000.00, which is roughly twenty-five percent of the aggregate principal amount Plaintiffs seek from Defendants, is appropriate in light of Defendants' purchases from Plaintiffs of wholesale quantities of perishable agricultural commodities related proceeds, and in consideration of the minimal harm Defendants will likely suffer as a result of this Preliminary Injunction. See W.R. Vernon Produce, Co. v. Backyard Produce, LLC, No. 1:15CV911, 2015 WL 12564215, at *2–3 (M.D.N.C. Nov. 2, 2015). Further, the Court finds this bond is appropriate and adequate to protect Defendants in the event that Defendants are later found to have been wrongly enjoined or restrained. Id.

**IT IS FURTHER ORDERED** that in the event Defendants fail to pay Plaintiffs the amount of $59,242.97 by bank check or wire transfer within two (2) business days of service of this Order, then within five (5) days of service of this Order, Defendants shall file with this Court, and provide a copy to Plaintiffs' counsel, the following:

(1) an accounting which identifies the assets and liabilities of Black Titan signed under penalty of perjury; and

(2) any and all documents in Defendants' possession, custody, or control, related to the assets and liabilities of Black Titan and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts payable reports, accounts paid records, income tax returns, and bank statements with cancelled checks for the last 90 days.

Plaintiffs shall immediately serve Defendants and their counsel with a copy of this Order.

IT IS SO ORDERED.

Signed: January 20, 2023

_____
Frank D. Whitney
United States District Judge